UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RHONDA LYNN TIBBETTS,

    Plaintiff,

v.                                                          Case No.:   2:20-cv-872-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments on April 7, 2022.  (Doc. 24).  Defendant filed a response stating that while the Commissioner initially opposed the motion, Plaintiff's counsel reduced the hours for which he was seeking reimbursement from 45 hours to 40 hours to address the Commissioner's concerns.  (Doc. 26 at 1-2).  Defendant clarifies that, given this reduction, the Commissioner no longer objects to Plaintiff's motion.  (*Id.* at 2).  The matter was referred to the Undersigned for a Report and Recommendation.  This matter is now ripe.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for an Award of Attorney's Fees Under

the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments (Doc. 24).

## PROCEDURAL BACKGROUND

On January 6, 2022, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: Re-evaluate Plaintiff's mental impairments and expressly analyze whether they impact Plaintiff's RFC. (Doc. 22 at 2; *see also* Doc. 20). Thereafter, on April 7, 2022, Plaintiff filed the request *sub judice* seeking an award of $8,294.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24 at 3).

The Undersigned evaluates Plaintiff's request for fees under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all

reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010).

### A. Plaintiff's Request Is Timely.

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on January 7, 2022, (Doc. 23), and Plaintiff filed Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments less than ninety (90) days later on April 7, 2022, (Doc. 24). Therefore, the Undersigned finds that Plaintiff timely filed Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments (Doc. 24). *See Myers*, 916 F.2d at 672.

### B. Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA. (*See* Doc. 26). Upon consideration of the record and the representations in Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments and supporting materials (Doc. 24 at 2-3), the Undersigned finds that all other requirements under the EAJA for a fee award are met. *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C. The Hours Expended, the Hourly Rate Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

4

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended 40.00 hours in this case. (*See* Doc. 24 at 5-6).[1] Further, Plaintiff's counsel requests the hourly rate(s) of $207.35. (*Id.* at 6).[2] After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rate requested is reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $8,294.00, calculated as follows:

40.0 hours x $207.35/hour = $8,294.00

(*See id.*). The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $8,294.00, as requested.

**D.  Payment May Be Made to Plaintiff's Counsel.**

Plaintiff also filed an executed Social Security Retainer and Fee Agreement. (Doc. 24-1). This assignment states in relevant part:

---

[1] Counsel provides support for 40.0 hours worked. (*See* Doc. 24 at 5-6). Based on the representations made by the Commissioner in the response brief, (*see* Doc. 26 at 1-2), the Undersigned understands this to be a negotiated and agreed upon number of hours.

[2] Plaintiff's counsel specifically requests this rate for work performed in 2020. (*See* Doc. 24 at 6). Because counsel does not separately request a rate for work performed in 2021 or 2022, the Undersigned construes counsel's requested rate to apply for work performed in 2020, 2021, and 2022.

5

> [R]egardless of whether I ultimately win my claim(s), I hereby assign any court-awarded Equal Access to Justice Act (EAJA) fees and costs to my representative. Any EAJA payment should be paid directly to my representative's office. My representative is fully empowered to deposit any EAJA checks directly into their account and my representative is authorized to endorse my name on the checks paying them.

(*Id.* at 2).

Upon review of Plaintiff's motion, however, Plaintiff fails to demonstrate that her assignment of EAJA fees satisfies 31 U.S.C. § 3727. *See Guzman Rivera v. Comm'r of Soc. Sec.*, No. 6:19-cv-1766-Orl-18GJK, 2020 WL 4289427, at *1 (M.D. Fla. July 7, 2020), *report and recommendation adopted*, No. 6:19-cv-1766-Orl-18GJK, 2020 WL 4287595 (M.D. Fla. July 27, 2020); *see also Alvarado v. Comm'r of Soc. Sec.*, No. 6:20-cv-1642-GKS-LRH, 2022 WL 317026, at *3 (M.D. Fla. Jan. 5, 2022), *report and recommendation adopted,* 2022 WL 310199 (M.D. Fla. Feb. 2, 2022) (citing *Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013)). Thus, the Undersigned recommends that the presiding United States District Judge decline to order the Government to abide by Plaintiff's assignment. Rather, the Undersigned recommends that the presiding District Judge allow the Government to exercise its discretion in determining whether the fees should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed. *Guzman Rivera*, 2020 WL 4289427, at *2 n.2 ("The Commissioner may elect to waive the application of [31

6

U.S.C. § 3727] to the fee award." (citing *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934 (6th Cir. 2017))).

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments (Doc. 24) be **GRANTED IN PART AND DENIED IN PART** as set forth below.

2. That the Court award Plaintiff $8,294.00 in attorney's fees.

3. That the Court direct the Clerk of Court to enter an appropriate judgment for fees in Plaintiff's favor accordingly.

4. That Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 USC § 2412 & Supporting Affidavits, & Attachments (Doc. 24) be denied to the extent it seeks any greater or different relief.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 25, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties